Kenneth J. McKenna, Esq.
Law Office of Kenneth J. McKenna
544 West First Street
Reno, Nevada  89503
(775) 329-6373
(775) 329-2414 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAULA EVANS,

       Plaintiff,

vs.

**COMPLAINT AND JURY DEMAND**

JACOBS ENTERTAINMENT INC.,
GOLD DUST WEST CASINO, INC.,

       Defendant.
_____/

    COMES NOW Plaintiff, PAULA EVANS, by and through her attorney of record, KENNETH MCKENNA, ESQ., hereby complains of Defendant, JACOBS ENTERTAINMENT INC., GOLD DUST WEST CASINO, INC., as follows:

Parties and Jurisdiction

1. Plaintiff PAULA EVANS is an adult, competent woman who was previously employed by Defendant in Reno, State of Nevada.  All acts, statements, and omissions alleged herein occurred in Reno, State of Nevada.  Plaintiff has obtained a "Notice of Right to Sue" from the Equal Employment Opportunity Commission.  This Complaint and Jury Demand is timely filed in accordance therewith.  Plaintiff hereby requests a jury trial relative to all issues so triable.

2. Defendant JACOBS ENTERTAINMENT INC., is the parent company of GOLD DUST WEST CASINO, a corporation engaging in the business of gambling and entertainment. Defendant transacts substantial business in Reno, Nevada, where it employed Plaintiff.

3. Defendant GOLD DUST WEST CASINO INC., is a corporation engaging in the business of gambling and entertainment. Defendant transacts substantial business in Reno, Nevada, where it employed Plaintiff.

4. This Court has subject matter jurisdiction over this case pursuant to Title VII of the 1964 Civil Rights Act, as amended in 1991, i.e., Title 42, § 2000(e) et seq. of the U.S.C., Title 42, § 1981 of the U.S.C., The Age Discrimination in Employment Act of 1967 and pursuant to The Americans with Disabilities Act.

### First Cause of Action
### (Sexual Discrimination)

5. Plaintiff was hired by Defendant on or about May 7, 2007 as a Revenue Auditor.

6. Immediately following Plaintiff's hiring, Plaintiff began routinely being subjected to sexual discrimination and a sexually based hostile and/or offensive work environment which a reasonable person, similarly situated, would have found to be hostile and/or offensive. Plaintiff was forced to utilize a copier next to employee John Bonnice's desk; Mr. Bonnice continually undid his pants when he was seated at his desk and routinely made fake sexually based, moaning sounds in Plaintiff's presence. Additionally, on one (1) occasion, Mr. Bonnice laughingly described to Plaintiff a sexual dream Mr. Bonnice experienced including himself, his ex-wife and Plaintiff.

7. Following the repeated discriminatory conduct, Plaintiff began routinely complaining to numerous individuals within Defendant's organization. Plaintiff repeatedly complained to her immediate supervisor, Shelly Stevens. When such complaints were ignored, Plaintiff escalated the level of her complaints complaining to Joan Peterson, Corporate Gaming Compliance Director and another high ranking manager in Defendant's home corporate office in Colorado. However, the discriminatory behavior continued.

8. The conduct to which Plaintiff was subjected was discriminatory, unlawful and created a hostile and/or offensive work environment based on sex.

9. Defendant knew, or should have known, that Plaintiff was subjected to the discrimination but failed to implement any timely, adequate remedial action. Defendant's failure is actionable.

10. As a direct and proximate result of being subjected to the discrimination and said environment, Plaintiff suffered extreme physical and emotional distress, lost wages and loss of enjoyment of life and humiliation.

11. It has been necessary for Plaintiff to incur costs and to retain counsel in order to prosecute this action.

### Second Cause of Action
### (Age Discrimination)

12. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 11 as though the same were stated fully herein.

13. Immediately following Plaintiff's hiring, Plaintiff began being subjected to age discrimination and one in which a reasonable person, similarly situated, would

have found to be hostile and/or offensive. Such discrimination included, but was not limited to, being denied sufficient training, being humiliated and yelled at, being isolated from co-worker and peers, being subjected to rules other workers were not asked to follow, being forced to ignore gaming violations, being denied documents required to successfully perform her position, a suspension and eventual termination.

14. Beginning in January of 2008, Plaintiff began repeatedly complaining to numerous individuals within Defendant's organization. Plaintiff repeatedly complained to her immediate supervisor, Shelly Stevens. When such complaints were ignored, Plaintiff escalated the level of her complaints complaining to Joan Peterson, Corporate Gaming Compliance Director and another high ranking manager in Defendant's home corporate office in Colorado. However, the discriminatory behavior continued.

15. The conduct to which Plaintiff was subjected was discriminatory, unlawful and created a hostile and/or offensive work environment based on age.

16. Defendant knew, or should have known, that Plaintiff was subjected to such an environment but failed to implement any timely, adequate remedial action. Defendant's failure is actionable.

17. As a direct and proximate result of being subjected to said environment Plaintiff suffered extreme physical and emotional distress, lost wages and loss of enjoyment of life and humiliation.

18. It has been necessary for Plaintiff to incur costs and to retain counsel in order to prosecute this action.

4

## Third Cause of Action

(Discrimination Due to Disability)

19. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 18 as though the same were stated fully herein.

20. During Plaintiff's pre-hiring interview, Plaintiff notified Defendant of her multiple disabilities. Plaintiff explicitly stated that due to her disabilities and the physical limitations the disabilities created, Plaintiff was capable of performing paperwork but nothing of a more physical nature.

21. In or about October of 2008, Plaintiff was subjected to disability discrimination when Defendant altered Plaintiff's duties removing Plaintiff's daily paperwork responsibilities and requiring Plaintiff to do physical inspections and meter readings of slot machines. Additionally, Plaintiff was required to complete floor observations requiring Plaintiff to stand for long periods of time and also to perform tasks on the casino floor. All tasks were physically taxing and challenging due to Plaintiff's disabilities further causing Plaintiff significant pain.

22. Plaintiff repeatedly requested that her original work responsibilities be returned to her, but such easy accommodation was ignored and dismissed.

23. The conduct to which Plaintiff was subjected was unlawful in that it violated The Americans with Disabilities Act and was discriminatory based upon Plaintiff's disability.

24. As a direct and proximate result of being subjected to Defendant's discrimination, Plaintiff suffered economic loss, emotional distress and loss of enjoyment of life.

25. It has been necessary for Plaintiff to incur costs and to retain counsel in order to prosecute this action.

### Fourth Cause of Action
### (Retaliation)

26. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 25 as though the same were stated fully herein.

27. Beginning after Plaintiff complained about the discrimination Plaintiff was being forced to endure, Defendant began retaliating against Plaintiff. Such retaliation included, but was not limited to, being denied sufficient training, being humiliated and yelled at, being isolated from co-worker and peers, being subjected to rules other workers were not asked to follow, being forced to ignore gaming violations, being denied documents required to successfully perform her position, a suspension and eventual termination.

28. The reporting of discrimination is in furtherance of public policy.

29. Due to the retaliatory behavior, Plaintiff has suffered economic harm, injury to her reputation, and humiliation in front of her friends, family, peers and the public.

30. It has been necessary for Plaintiff to incur costs and to retain counsel in order to prosecute this action.

WHEREFORE, Plaintiff prays for relief as follows:

1. For maximum award of compensatory and/or punitive damages available;
2. For an award of economic damages according to proof;
3. For an award of costs and a reasonable attorney's fee;
4. And for such other and further relief, including injunctive relief to force the Defendant to adopt and enforce lawful policies regarding harassment and discrimination, as the Court or jury may deem proper.

DATED this 1st day of September, 2010.

By:  /s/ Ken McKenna

Kenneth J. McKenna, Esq.
State Bar No. 1676
544 West First Street
Reno, Nevada  89503
(775) 329-6373
(775) 329-2414 Fax
Attorney for Plaintiff